IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF CONNECTICUT

```
-------------------------------------------------x
                                                 :
FABIOLA IS RA EL BEY                             :        3:10 CV 940 (JBA)
                                                 :
v.                                               :
                                                 :
THE HONORABLE JUDGE MARK R.                      :
KRAVITZ, ET AL.                                  :        DATE: JUNE 22, 2010
-------------------------------------------------x
```

RULING ON MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS

On June 16, 2010, Fabiola Is Ra El Bey filed her motion for leave to proceed in forma pauperis ["IFP Motion"], pursuant to 28 U.S.C. § 1915.  (Dkt. #2).  Five days later, U.S. District Judge Janet Bond Arterton referred the motion to this Magistrate Judge.  (Dkt. #6).

As listed on page 5 of plaintiff's financial affidavit, she is in involved in four lawsuits presently pending in this district, two of which were commenced by her and two of which were brought against her in the Connecticut Superior Court, which she removed to federal court.  In the first lawsuit, Fabiola Derisme v. Hunt Leibert Jacobson, LLC, 10 CV 23 (MRK),[1] filed on January 7, 2010, plaintiff also filed an IFP Motion that same day (Dkt. #2), which was referred to U.S. Magistrate Judge William I. Garfinkel five days later.  (Dkt. #4).   On January 13, 2010, Magistrate Judge Garfinkel filed a Ruling (Dkt. #6), in which he denied plaintiff's IFP Motion, in that she disclosed two parcels of property, including one from which she received $10,000/year in income and failed to disclose any other pertinent information.  (At 2-3).   On February 2, 2010, U.S. District Judge Mark Kravitz approved the Ruling, absent

---

[1]Plaintiff formerly had been known as Fabiola Derisme, prior to her involvement with the Moorish Holy Temple of Science of the World.  See McLaughlin v. Citimortgage, Inc., No. 3:09 CV 1762 (MRK), 2010 WL 2377108 (D. Conn. June 11, 2010), for a scholarly explanation of the basic tenets of this organization.

objection, and ordered plaintiff to file the filing fee by March 1, 2010, or else the lawsuit would be dismissed.  (Dkt. #11).   Plaintiff paid the $350 filing fee on January 19, 2010.

On February 19, 2010, plaintiff filed her next lawsuit, paying the filing fee that same day.  Fabiola Derisme v. Hunt Leibert Jacobson PC, 10 CV 244 (MRK).[2]   On May 19, 2010, plaintiff removed Bank of America Nat'l Ass'n v. Fabiola Derisme, 10 CV 785 (MRK),[3] and filed her IFP motion that same day (Dkt. #3); the financial affidavit for that motion, which is pending, is essentially blank, like the one at issue here.  And earlier this month, on June 8, 2010, plaintiff removed Bank of America v. Fabiola Derisme, 10 CV 900 (MRK),[4] and again filed an IFP motion that same day (Dkt. #1); similarly, the financial affidavit for that motion, which is also pending, is essentially blank.

Because of the absence of any meaningful information, which is even scarcer than the information considered by Magistrate Judge Garfinkel, plaintiff's IFP motion cannot be granted.  Moreover, the three blank affidavits conflict with the financial affidavit filed just five months ago in 10 CV 23 (MRK).

Accordingly, plaintiff's IFP Motion (Dkt. #2) is denied, without prejudice to plaintiff filing a complete, accurate and corrected affidavit consistent with this ruling, **on or before July 9, 2010**.[5]

---

[2]See note 1 supra.

[3]See note 1 supra.

[4]See note 1 supra.

[5]In light of the conclusion reached here, the Magistrate Judge need not address whether this lawsuit is barred by the doctrine of judicial immunity, because the meager allegations against Judge Kravitz all arise from his judicial activities in the other pending lawsuits.  (See Dkt. #1, ¶¶ 130-39, 141-44).

See 28 U.S.C. § 636(b)(**written objections to ruling must be filed within fourteen calendar days after service of same**); Fed. R. Civ. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Sec'y, H & HS, 892 F.2d 15, 16 (2d Cir. 1989)(**failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit.**)

Dated at New Haven, Connecticut, this 22nd day of June, 2010

_/s/ Joan G. Margolis, USMJ
Joan Glazer Margolis
United States Magistrate Judge