UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Fabiola Is Ra El Bey,<br>    *Plaintiff*,<br><br>v.<br><br>The Honorable Judge Mark R. Kravitz, *et al.*,<br>    *Defendants.* | Civil No. 3:10cv940 (JBA)<br><br><br><br>February 15, 2011 |

ORDER

Plaintiff Fabiola Is Ra El Bey filed suit against the Honorable Mark R. Kravitz pursuant to 42 U.S.C. § 1983 for violations of the First Amendment, and under the Religious Freedom Restoration Act, 42 U.S.C. § 2000bb, *et seq*, seeking declaratory and injunctive relief. On January 11, 2011, the Court ordered Plaintiff to show cause why this lawsuit is not barred by the doctrine of judicial immunity given that her "meager allegations against Judge Kravitz all arise from his judicial activities in other pending lawsuits." (Ord. [Doc. # 19] (quoting Rec. Rul. at 2, n.5)). In her response [Doc. # 21], Plaintiff argues that she seeks prospective injunctive relief, for which there is no absolute judicial immunity.

Although the Supreme Court in *Pulliam v. Allen* declared that "judicial immunity is not a bar to prospective relief against a judicial officer acting in [his] judicial capacity," 466 U.S. 522, 542–43 (1984), Congress abrogated *Pulliam* by enacting the Federal Courts Improvement Act, Pub. L. No. 104–317, 110 Stat. 3847 (1996), which amended Section 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief unavailable." Courts have since applied this Section 1983 amendment to federal judges. *See*, *e.g.*, *Azubuko v. Royal*, 443 F.3d 302, 303–04 (3d Cir.

2006); *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000); *Jones v. Newman*, No. 98 Civ. 7460(MBM), 1999 WL 493429, *6–*7 (S.D.N.Y. June 30, 1999).

Plaintiff does not allege that Defendant violated a declaratory decree or that declaratory relief is unavailable. Accordingly, Defendant has failed to demonstrate that judicial immunity does not apply, and this case is DISMISSED. The Clerk is directed to close the case.

IT IS SO ORDERED.

/s/
Janet Bond Arterton, U.S.D.J.

Dated at New Haven, Connecticut this 15th day of February, 2011.